JOHN PASKIE, PLAINTIFF, v. JOSEPH GADEK AND HELEN GADEK, DEFENDANTS.

Submitted October term, 1927—Decided March 29, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and LLOYD.

For the rule, *John W. McGeehan, Jr.*

*Contra, John E. Toolan.*

PER CURIAM.

This is defendants' rule for a new trial. There was a verdict for the plaintiff, in the sum of $3,000, for damages to

his car and injuries to his person. The grounds urged for making the rule absolute are that the verdict was against the weight of the evidence on the question of negligence, and that the damages are excessive.

The plaintiff was proceeding in his car south on State road in Perth Amboy and was in the middle of a block when a collision took place between his car and that of the defendant, producing personal injury to the plaintiff and damage to both cars. It appears that the defendant lived at a point on the road opposite to where the accident happened and was either turning into his driveway, or about to do so, when the collision took place. It was the contention of the plaintiff that while his own car was proceeding on the west side of the center of the highway, the defendant's car turned to the left to enter his driveway, and in doing so struck the plaintiff's car on the left front side. The proofs offered by the defendant Joseph Gadek were that he had reached a point going north on his own right side of the road and had stopped, and that the plaintiff's car, proceeding on its wrong side of the road, ran into the car of the defendant.

The plaintiff had suffered a severe injury to the spine over a year before the happening of the present accident, from which he was slowly recovering when the injuries here sued for occurred. The proofs were that the earlier injury was aggravated, new and severe pains produced, added disability resulted, and that his recovery is materially retarded. His car was repaired at an expense of $441.25.

From the contradictory proofs as to how the accident happened, we cannot say that the jury was not justified in placing responsibility therefor on the defendant or that on the evidence of plaintiff's injuries and damage to his car the award was excessive.

The rule is therefore discharged.